# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RICHARD LAPINSKI, JR.,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BAC HOME LOAN SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP; AMERICA'S WHOLESALE LENDER; THE BANK OF NEW YORK MELLON, N.A., as trustee for Alternative Loan Trust 2006-OC3; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; LANDSAFE TITLE; CWALT, INC.; and JOHN DOES NOS. 1-10,<br><br>Defendants. | Case No. C13-00925 RSM<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

## I. INTRODUCTION

This matter comes before the Court upon Defendants' Motion to Dismiss. Dkt. # 12. Defendants move to dismiss all claims in Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the parties' briefing and the relevant record, the Court grants Defendants' motion for the reasons discussed herein.

ORDER GRANTING MOTION TO DISMISS - 1

## II. BACKGROUND

This matter arises out of two loans entered into by Plaintiff Richard Lapinski, Jr. to secure real property located at 1509 23rd Street, Everett, WA 98201 ("Property"). Dkt. # 1, ¶ 11. On February 26, 2006, Plaintiff executed a $184,800 Interest-Only Rate Adjustable Note as a first mortgage on the Property. *Id.* at ¶ 13. On the same date, Plaintiff entered into a second mortgage with a principal of $46,200. *Id.* at ¶ 14. Plaintiff has identified Defendant America's Wholesale Lender ("AWL") as the original Lender on both loans. *Id.* Plaintiff also executed a Deed of Trust, which allegedly named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary of the security instrument and Landsafe Title as Trustee. *Id.* at ¶ 16.

Plaintiff alleges that AWL immediately transferred both loans to Defendant Countrywide Home Loan Servicing, L.P. ("Countrywide") after Countrywide underwrote the Notes per its guidelines. *Id.* at ¶ 18.; Dkt. # 15, p. 2. Bank of America, N.A. has since become successor in liability on the first loan and is acting as its current servicer. Dkt. # 1, ¶ 30. Neither loan is in default and no foreclosure notice has been filed relating to the Property. *See*, Dkt. # 13, ¶ 2. On January 14, 2013, Plaintiff quitclaimed his interest in the Property to Everett Housing LLC. *Id.* at Ex. A.

Mr. Lapinski filed the instant complaint on May 28, 2013. Dkt. # 1. Plaintiff contends that he has been injured financially by paying excessive fees and interest on the Loans as a result of Defendants' allegedly "deceptive and unfair lending practices" and by "making payments to entities that may not actually hold his note." Dkt. # 1, p. 9. In his complaint, Plaintiff alleges five causes of action arising out of the origination of the loans: (1) predatory lending; (2) violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, (3)

slander of title, (4) breach of duty of good faith, and (5) violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86. Defendants move the Court to dismiss all five claims as time-barred and/or for failing to state a claim on which relief can be granted. *See* Dkt. # 12.

## III. DISCUSSION

### A. Standard for Rule 12(b)(6) Dismissal

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

"The court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). Where claims are dismissed under Rule 12(b)(6), the court "should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend need not be granted, and dismissal may be ordered with prejudice, if amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

B.  **Predatory Lending**

Though Plaintiff's first cause of action is entitled "predatory lending," it asserts a number of allegations against Defendants AWL and Countrywide that potentially form the basis of independent claims, including misrepresentation and fraud. Dkt. # 1, p. 9. Courts in this district have consistently found that predatory lending is not a common law cause of action in Washington State, and Plaintiff has failed to raise any authority to the contrary. *See Westcott v. Wells Fargo Bank, N.A.*, 862 F.Supp.2d 1111, 1116 (W.D. Wash. 2012); *Jonson v. Northwest Trustee Services, Inc.*, 2013 WL 752634, *9 (W.D. Wash. 2013); *Kwai Ling Chang v. Chase Home Loans Inc.*, 2012 WL 1252649, *9 (W.D. Wash. 2012). *See also*, *Marzan v. Bank of Am.*, 779 F.Supp.2d 1140, 1155 (D.Haw. 2011)("To the extent such 'predatory' actions provide a claim for relief, they appear to be grounded in another statutory or common-law cause of actions such as fraud—the term 'predatory lending is otherwise too broad."). Accordingly, Plaintiff's claim for predatory lending must be dismissed.

To the extent that Plaintiff's first cause of action sets forth an independent claim for fraud, it both fails to comply with the applicable pleading standards and is time-barred. Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for parties alleging fraud, requiring that they "state with particularity the circumstances constituting fraud." *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Each of nine elements must be established to prevail on a claim for fraud under Washington law:

(1) Representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

ORDER GRANTING MOTION TO DISMISS - 4

*Stiley v. Block*, 130 Wash.2d 486, 505, 925 P.2d 1984 (1996).

Plaintiff's complaint fails to offer sufficient factual content to allow the Court to draw a reasonable inference that each of these nine elements have been met. Plaintiff's allegation of fraud appears to be based on the alleged failure of Defendants AWL and Countrywide to "follow standard underwriting guideline [sic] in order to profit by approving a first mortgage loan to Plaintiff that maximized profits to Defendant and costs and interest to Plaintiff…." Dkt. # 1, p. 9. Plaintiff does not allege that Defendants falsely represented any material existing fact. Rather, Plaintiff contends that AWL approved Plaintiff for a loan that was contraindicated by its underwriting guidelines. Such allegations do not support a claim for fraud or meet the pleading standard set forth in Rule 9(b). To the extent that Plaintiff's first cause of action asserts a claim for fraud, this claim is dismissed with leave to amend subject to the applicable three-year statute of limitations as provided by RCW 4.16.080(4).

**C. TILA and RESPA Claims**

Plaintiff sets forth in cursory fashion multiple violations of the Truth in Lending Act and the Real Estate Settlement and Procedures Act. *See* Dkt. # 1, p. 10. Defendants move to dismiss both claims as time-barred. *See* Dkt. # 12, p. 5. Any claim for monetary damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A three-year statute of limitations applies to Plaintiff's RESPA claims related to the servicing of mortgage loans under 12 U.S.C. § 2605 and a one-year statute of limitations for claims related to kickbacks and unearned fees in connection under 12 U.S.C. § 2607. *See* 12 U.S.C. § 2614. In the instant matter, Plaintiffs' RESPA and TILA claims all arise out of the origination of Plaintiff's Loans in February, 2006, or their transfer shortly thereafter. *See* Dkt. # 1, p. 10. Plaintiff concedes that, as he did not file his complaint in this action until

ORDER GRANTING MOTION TO DISMISS - 5

May, 2013, his TILA and RESPA claims are time-barred unless he can establish that the applicable statute of limitations periods are subject to equitable tolling. *See* Dkt. # 15, p. 4.

Though the limitations period for a TILA claim generally begins to run from the date of consummation of the transaction, a court "may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). Similarly, the limitations period for a RESPA claim may be tolled if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Satna Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). The Supreme Court has explained that equitable tolling is available "only sparingly," and is appropriate in circumstances where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is not warranted where a litigant has "failed to exercise due diligence in preserving his legal rights." *Id.*

Plaintiff's complaint fails on its face to support equitable tolling of his TILA and RESPA claims. As an initial matter, Plaintiff has not pled any facts to support his exercise of due diligence in ascertaining the alleged violations. *See, e.g.*, *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003)(refusing to apply equitable tolling for failure to make required disclosures under TILA where plaintiff was in full possession of the loan documents and did not plead any action that would have prevented discovery of the violation); *Santos v. U.S. Bank N.A.*, 716 F.Supp.2d 970, 977 (E.D. Cal. 2010)(declining to "institute a new rule"

ORDER GRANTING MOTION TO DISMISS - 6

whereby consulting with an attorney would become "the touchstone upon which tolling of the statute of limitations may be granted").

The only fact that Mr. Lapinksy asserts in favor of equitable tolling is that Defendants concealed the applicable underwriting standards and their violations in order to "profit off of issuing loans." Dkt. # 15, p. 5. A plaintiff seeking equitable tolling based on fraudulent concealment, as does Mr. Lapinksy, must meet the particularity requirements of Federal Rule of Civil Procedure 9(b). *Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999); *Kwai Ling Chan v. Chase Home Loans Inc.*, 2012 WL 1252649 (W.D. Wash. 2012). As Mr. Lapinski's complaint does not adequately reflect any such particularity, the defense of fraudulent concealment is not available to him. Moreover, Plaintiff must plead more than the non-disclosures allegedly constituting a TILA violation to effect equitable tolling. *See, e.g.*, *Phillips v. Bank of Am.*, 2011 WL 240813, *7 (D.Haw. 2011)(finding an allegation of non-disclosure "insufficient to satisfy equitable tolling because it would establish no more than the TILA violation itself"); *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, *3 (N.D. Cal. 2010)("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA…and the statutes of limitations would be meaningless."). As the Complaint fails to plead sufficient facts to support equitable relief from the statutes of limitations for Plaintiff's TILA and RESPA claims, Plaintiff's second cause of action is dismissed with leave to amend.

### D. Slander of Title

Plaintiff alleges that Defendants "engaged in a pattern of unfair business practices" constituting slander of title. Dkt. # 1, pp. 10-11. Defendants move to dismiss Plaintiff's third cause of action for failing to plead facts in support of multiple elements of a slander of title claim. *See* Dkt. # 12, pp. 5-7.

Defendants are correct that Plaintiff's complaint suffers from several fatal defects as to its slander of title claim. The elements of a claim for slander of title under Washington law are: (1) false words, (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss. *Rorvig v. Douglas*, 123 Wash.2d 854, 859-60, 873 P.2d 492 (1994). Plaintiff claims that the first element is met because "the underwriting practices inflated the values of the notes" and because MERS was involved in the Loan transactions as beneficiary. *See* Dkt. # 15. While improper statement of value may constitute false words, the fully disclosed inclusion of MERS as beneficiary on Plaintiff's Deed of Trust cannot constitute false words sufficient to support a slander of title claim. *See Bain v. Metro. Mortg. Grp., Inc.*, 175 Wash.2d 83, 120, 285 P.3d 34 (2012)("[T]he mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury.").

Most significantly, Plaintiff cannot satisfy the third element of a slander of title claim, requiring that the alleged maliciously published false words be made "with reference to some pending sale or purchase of property." Slander of title is only available where the defendant has interfered with the plaintiff's sale of the property. *See, e.g.*, *Pay'n Save Corp. v. Eads*, 53 Wash.App. 443, 448, 767 P.2d 592 (1989)(affirming trial court's dismissal of a slander of title claim where plaintiff conceded that no sale or purchase of the property was pending);

ORDER GRANTING MOTION TO DISMISS - 8

*Clarkston Comm'ty Corp. v. Asotin Cy. Port Dist.*, 3 Wash.App. 1, 4, 472 P.2d 558 (1970)(concluding that the mere expectation that a buyer would begin negotiations for a sale was insufficient to satisfy essential slander of title element). *Cf. Rorvig*, 123 Wash.2d 854, 860 (finding pending sale element met where buyer testified that he would have purchased the property but for the encumbrance on its title). Here, Plaintiff admits that no sale is pending but contends that "in the event of attempting to sell the property, the statements in the deed of trust cause a cloud over the title…." Dkt. # 15, p. 8. Where no sale is pending, contemplated, or has been attempted, this speculative assertion of future interference is insufficient to support a slander of title claim. As Plaintiff concedes the absence of a purchase or sale, the Court finds that amendment would be futile. Plaintiff's slander of title claim is accordingly dismissed without leave to amend.

### E. Breach of Duty of Good Faith and Fair Dealing

Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealing by failing to disclose all material terms upon which Plaintiff relied in making his decisions, by underwriting the loan based upon Plaintiff's stated income, and by placing Plaintiff into a loan for which he was not qualified. *See* Dkt. # 1, pp. 11-12. Plaintiff also alleges that Defendants breached their duty of good faith by assigning MERS as the beneficiary to the Deed of Trust. *See Id.* Defendants move to dismiss this cause of action as insufficiently pled and as time-barred. *See* Dkt. # 12, pp. 7-8.

The Court agrees with Defendants that Plaintiff has failed to plead a breach of duty claim that is plausible on its face. Implied in every contract is a duty of good faith and fear dealing, which "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Sec. State Bank*, 116 Wash.2d 563, 569, 807 P.2d 356

ORDER GRANTING MOTION TO DISMISS - 9

(1991); *Carlile v. Harbour Homes, Inc.*, 147 Wash.App. 193, 215, 194 P.3d 280 (2008)(internal citations omitted). However, this duty "exists only in relation to performance of a specific contract term." Badgett, 116 Wash. 2d at 570. It does not "inject substantive terms into the parties' contract," but rather "requires only that the parties perform in good faith the obligations imposed by their agreement." *Id.* at 569.

In the instant case, Plaintiff does not allege that Defendants performed any specific contract term in bad faith, and there is no dispute the Plaintiff received the benefit of his bargain when he received the proceeds from his loans. *See Id.* at 570 (citing the fact that plaintiffs received the full benefit of their contract in dismissing their breach of duty claim). Instead, Plaintiff alleges that the express terms in the written contract that he signed were themselves unfair. His allegations are premised on Defendants' conduct prior to the loan origination, not on any deficiency in performance on existing contract obligations. Such allegations are insufficient to state a claim for breach of duty of good faith and fair dealing. *See Westcott*, 862 F.Supp.2d at 1118 (dismissing plaintiff's claim for breach of the implied covenant where allegations relate to conduct prior to the formation of the loan contract between the parties); *Kwai Ling Chan*, 2012 WL 1252649, at *5. As discussed supra, "the mere fact that MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury," *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wash.2d at 120, and thus also fails to give rise to a claim for breach of the implied covenant.

Because the Court finds that Plaintiff has failed to sufficiently plead his claim, the Court does not reach Defendants' argument that it is also time-barred. Accordingly, Plaintiff's claim for breach of the duty of good faith and fair dealing is dismissed with leave to amend.

## F. Consumer Protection Act Violations

Plaintiff's claim for violations of Washington's Consumer Protection Act, RCW 19.86, et seq., is both insufficiently pled and time-barred. To prevail on his CPA claim, Plaintiff must establish all five necessary elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986).

As a threshold matter, Plaintiff's complaint is devoid of sufficient factual content to establish a CPA violation. Plaintiff specifically fails to plead any facts to support a claim that the acts alleged impacted the public interest or caused any injury to Plaintiff in his business or property. As Plaintiff's claim stems from the origination of his loans in February, 2006, it is also time-barred under the four-year statute of limitations for a CPA claim. *See* RCW 19.86.120. As with his TILA and RESPA claims, Plaintiff has pled insufficient facts to trigger equitable tolling under the "discovery rule." *See In re Estates of Hubbard*, 118 Wash.2d 737, 745-50, 826 P.2d 690 (1992)(limiting application of the "discovery rule" to equitably toll the statutes of limitations for tort claims where "plaintiffs could not have immediately known of their injuries," including because of concealment by defendants). Accordingly, Plaintiff's CPA claim is also dismissed with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 12) is GRANTED. Plaintiff's claim for slander of title is dismissed without leave to amend. All other claims are dismissed with leave to file an amended complaint within <u>twenty (20) days</u> of the entry of this

Order. Failure to do so within the time limit set by the Court will result in dismissal of the action with prejudice.

Dated this 30th day of January 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 12